**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-mj-8504-BER

UNITED STATES OF AMERICA

v.

MAURICE CARTWRIGHT and
HANK WILLIAM WEECH,

_____Defendant._____/

FILED BY_____TM_____D.C.

Jul 5, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? ☐ Yes ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ☑ No

5. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? ☐ Yes ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: _____Katie Wilson_____

KATIE WILSON
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.      1026417
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:      (561) 209-1043
Fax:      (561) 820-8777
Email:  Katie.Wilson2@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| MAURICE CARTWRIGHT and | ) | Case No.  26-mj-8504-BER |
| HANK WILLIAM WEECH, | ) | |
| | ) | |
| *Defendant(s)* | ) | |

FILED BY_____*TM*_____D.C.

*Jul 5, 2026*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____July 3, 2026_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 963 | Conspiracy to Import a Controlled Substance (Marihuana) |
| 21 U.S.C. § 952(a) | Importation of a Controlled Substance (Marihuana) |
| 21 U.S.C. § 841(a) and (b)(1)(B)(vii) | Possession with Intent to Distribute a Controlled Substance (Marihuana) |
| 18 U.S.C. § 2237(a)(1) | Failure to Heave to |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

CYNTHIA H SAMPLES

Digitally signed by CYNTHIA H SAMPLES
Date: 2026.07.05 18:08:34 -04'00'

*Complainant's signature*

Cynthia Samples, Special Agent HSI
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date:  _____July 5, 2026_____

*Judge's signature*

City and state:  _____West Palm Beach, FL_____      Bruce E. Reinhart, U.S. Magistrate Judge
*Printed name and title*

**<u>AFFIDAVIT</u>**

Your affiant, Cynthia Samples, first being duly sworn, does hereby depose and state as follows:

1.      I am a Special Agent (S/A) with the Department of Homeland Security, Homeland Security Investigations (HSI) assigned to the office of the Assistant Special Agent in Charge, West Palm Beach, Florida, and have been so employed by HSI since 2009.  I have successfully completed the Criminal Investigator Training Program and Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia.  Among my responsibilities as a HSI Special Agent, I am trained and empowered to investigate crimes against the United States, arising under Titles 8, 18, 19, 21 and 31 of the United States Code.

2.      The facts set forth in this affidavit are based on my own personal knowledge, information obtained in this investigation from others, including other law enforcement officers, my review of documents, pictures and computer records related to this investigation, and information gained through training and experience.  Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included every fact known to me and law enforcement concerning this investigation, but have set forth only those facts necessary to establish probable cause to believe that on or about July 3, 2026, **Maurice Mukkel Rexford CARTWRIGHT (CARTWRIGHT)** and **Hank William WEECH (WEECH)** committed the crimes of: (1) conspiracy to import 100 kilograms or more of a substance containing a detectable amount of marihuana into the United States, in violation of 21 U.S.C. § 963; (2) importation of 100 kilograms or more of a substance containing a detectable amount of marihuana into the United States, in violation of 21 U.S.C. § 952(a); and (3) possession with intent to distribute 100 kilograms or more of a substance containing a detectable amount of

1

marihuana, in violation of 21 U.S.C. § 841(a); and that CARTWRIGHT further committed the crime of failure to heave to a Federal law enforcement officer, in violation of 18 U.S.C. § 2237(a)(1).

### Probable Cause

3.      In the late evening hours of July 3, 2026, the U.S. Coast Guard (USCG) Station Lake Worth Inlet detected a target of interest (TOI) via maritime radar, heading on a westerly course at a high rate of speed approximately 5 nautical miles (NM) east of Boca Raton, Florida. The TOI was subsequently identified as a 24-foot Apache power boat vessel with a single outboard engine, bearing Florida registration number FL4483GD, with two (2) people on board.

4.      At approximately 19:44 PM, USCG assets were launched in an attempt to intercept and conduct a boarding on the TOI.  The USCG initiated a traffic stop of the TOI by activating their blue emergency lights, siren, and verbally ordering the captain of the vessel to stop.  Instead of stopping the vessel, the captain of the vessel made a sharp turn to evade the USCG and continued at a high rate of speed.  Upon determining this was a non-compliant vessel, the USCG deployed two (2) warning shots in an attempt to gain compliance from the captain of the vessel; however, it proved ineffective.  Consequently, the USCG transitioned to disabling fire, expending one (1) round to the outboard engine which incapacitated the vessel and deemed it dead in the water.

5.      At approximately 19:55 PM, the USCG interdicted the TOI approximately 3.5 NM east of Boca Raton, Florida. Once the USCG boarded the TOI, they identified CARTWRIGHT as the captain and driver of the vessel and WEECH as the passenger.  The USCG further discovered several bundles of contraband located in the forward hatch area of the vessel, later determined to have a gross weight of approximately 1,000 pounds, or 453.592 kilograms.  Law enforcement subsequently field-tested a random sample of the contraband, which field tested positive for

marijuana i.e. marihuana.

6.      CARTWRIGHT, a United States citizen, was transferred to a CBP Marine vessel and brought ashore to be interviewed by HSI.  After being advised of his *Miranda* rights, CARTWRIGHT invoked his right to speak with an attorney and HSI concluded the interview.

7.      WEECH was determined to be a national and citizen of the Bahamas and was transferred to USCG Cutter Winslow Griesser for biometrics processing and analysis.  Biometrics results revealed that WEECH had not previously been removed from the United States.  On or about July 5, 2026, WEECH was brought ashore and interviewed by HSI.

8.      On July 5, 2026, at approximately 10:14 AM, HSI Special Agents and U.S. Border Patrol interviewed WEECH at the U.S. Border Patrol Station located in Riviera Beach, Florida. The interview was electronically recorded for audio and video.  WEECH was able to read, write and speak the English language with no communication barriers.  Prior to beginning the interview, WEECH was read his Miranda warnings via a pre-printed form, stopping after each line to ask if he understood what was read to him. WEECH answered in the affirmative each time.  WEECH was asked if he understood his Miranda rights which he again answered in the affirmative. WEECH waived his rights and elected to speak with the interviewing agents.

9.      During the post-*Miranda* interview, WEECH confirmed he was a citizen and national of the Bahamas.  WEECH further advised that approximately two (2) weeks prior, he and CARTWRIGHT found the marijuana recovered from the vessel floating in the water in the Great Isaac Reef and that they loaded the marijuana on the vessel and stored it. WEECH further advised that on or about July 3, 2026, WEECH and CARTWRIGHT decided to smuggle the marijuana into the United States and left from Freeport, Bahamas around 4:00 pm or 5:00 pm that day. WEECH stated that he and CARTWRIGHT did not have a specific buyer or plan for the marijuana,

3

but that he wanted to make easy money. WEECH further stated that he understood the value of the marijuana to be approximately $700,000 in the Bahamas.

10. WEECH further stated that CARTWRIGHT was the sole captain of the vessel during their voyage and that both WEECH and CARTWRIGHT were aware law enforcement was attempting to stop them; however, they decided to "have fun with them" and kept traveling despite the law enforcement warnings.

11. Based on the foregoing facts, I submit that probable cause exists that MAURICE MUKKEL REXFORD CARTWRIGHT and HANK WILLIAM WEECH committed the crimes of (1) conspiracy to import 100 kilograms or more of a substance containing a detectable amount of marihuana into the United States, in violation of 21 U.S.C. § 963; (2) importation of 100 kilograms or more of a substance containing a detectable amount of marihuana into the United States, in violation of 21 U.S.C. § 952(a); and (3) possession with intent to distribute 100 kilograms or more of a substance containing a detectable amount of marihuana, in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(vii); and that CARTWRIGHT further committed the crime of failure to heave to a Federal law enforcement officer, in violation of 18 U.S.C. § 2237(a)(1).

**FURTHER AFFIANT SAYETH NAUGHT**

CYNTHIA H SAMPLES
Digitally signed by CYNTHIA H SAMPLES
Date: 2026.07.05 18:10:26 -04'00'

CYNTHIA SAMPLES, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this _____5th_____ day of July 2026.

BRUCE REINHART
UNITED STATE MAGISTRATE JUDGE

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:   MAURICE CARTWRIGHT

**Case No**:     26-mj-8504-BER

Count #: 1

Conspiracy to Import a Controlled Substance (Marihuana)

21 U.S.C. § 963
* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** Minimum 4 years to life
* **Max. Fine:** $5,000,000
* **Special Assessment**: $100.00

Count #: 2

Importation of a Controlled Substance (Marihuana)

21 U.S.C. § 952(a)
* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** Minimum 4 years to life
* **Max. Fine:** $5,000,000
* **Special Assessment**: $100.00

Count #: 3

Possession with Intent to Distribute a Controlled Substance (Marihuana)

21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii)
* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** Minimum 4 years to life
* **Max. Fine:** $5,000,000
* **Special Assessment**: $100.00

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 4

Failure to Heave to

18 U.S.C. § 2237(a)(1)
* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000
* **Special Assessment**: $100.00

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:   HANK WILLIAM WEECH

**Case No**:      26-mj-8504-BER

Count #: 1

Conspiracy to Import a Controlled Substance (Marihuana)

21 U.S.C. § 963
**\* Max. Term of Imprisonment:** 40 years
**\* Mandatory Min. Term of Imprisonment (if applicable):** 5 years
**\* Max. Supervised Release:** Minimum 4 years to life
**\* Max. Fine:** $5,000,000
**\* Special Assessment**: $100.00

Count #: 2

Importation of a Controlled Substance (Marihuana)

21 U.S.C. § 952(a)
**\* Max. Term of Imprisonment:** 40 years
**\* Mandatory Min. Term of Imprisonment (if applicable):** 5 years
**\* Max. Supervised Release:** Minimum 4 years to life
**\* Max. Fine:** $5,000,000
**\* Special Assessment**: $100.00

Count #: 3

Possession with Intent to Distribute a Controlled Substance (Marihuana)

21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii)
**\* Max. Term of Imprisonment:** 40 years
**\* Mandatory Min. Term of Imprisonment (if applicable):** 5 years
**\* Max. Supervised Release:** Minimum 4 years to life
**\* Max. Fine:** $5,000,000
**\* Special Assessment**: $100.00

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**